```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

PLANTATION BOTANICALS INC., a
Florida corporation,

                Plaintiff,

vs.                            Case No. 2:04-cv-479-FtM-29DNF

WILLIAM VICKERMAN, individually

                Defendant.
_____/

**OPINION AND ORDER**

This matter comes before the Court on defendant William Vickerman's Motion to Dismiss Amended Complaint for Lack of Personal Jurisdiction and for Failure to State a Cause of Action (Doc. #30), filed on February 17, 2005. Plaintiff filed a Response (Doc. #31) on March 8, 2005. For the reasons set forth below, the Court concludes the motion should be denied.

**I.**

In deciding a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, plaintiff must establish a prima facie case of personal jurisdiction over the nonresident defendant. Meier v. Sun Internat'l Hotels, Ltd., 288 F.3d 1264, 1268-69 (11th Cir. 2002). "A prima facie case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict." United States Sec. & Exch. Comm'n v. Carrillo, 115 F.3d 1540, 1542 (11th Cir. 1997), quoting Madara

v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990) (citations omitted). "The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits. If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentations by the moving party." S & Davis Int'l, Inc. v. The Republic of Yemen, 218 F.3d 1292, 1303 (11th Cir. 2000).

"A federal court sitting in diversity may exercise jurisdiction over a nonresident defendant to the same extent as a court of that state." Molina v. Merrritt & Furman Insurance Agency, Inc., 207 F.3d 1351, 1355 (11th Cir. 2000). The applicable legal standards for considering issues of personal jurisdiction have been summarized in Nippon Credit Bank Ltd. v. Matthews, 291 F.3d 738, 746-48 (11th Cir. 2002), Meier, 288 F.3d at 1269, and D.W. Mercer, Inc. v. Valley Fresh Produce, Inc., 146 F.Supp.2d 1274 (M.D. Fla. 2001), and need not be repeated here. In brief, the Court first determines whether defendant's activities satisfy the Florida long-arm statute, and if so, whether the extension of jurisdiction comports with the due process requirements of the Fourteenth Amendment. Meier, 288 F.3d at 1269.

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Christopher v. Harbury,

-2-

536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001)(en banc). To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Securities, Inc., 358 F.3d 840, 845 (11th Cir. 2004). Dismissal is warranted however if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992). The Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint. Marsh, 268 F.3d at 1036 n. 16.

**II.**

The Amended Complaint (Doc. #28) is the operative pleading and sets forth the following facts: Plaintiff Plantation Botanicals, Inc. ("Plantation") is a Florida corporation located in Hendry

County, Florida (¶1), and defendant William Vickerman ("Vickerman") is a resident of Illinois (¶2). On July 24, 2002, Vickerman and Plantation entered into an oral partnership agreement for the purpose of purchasing, processing and selling oregano, and opened a bank account in Immokalee, Florida the same day. (¶¶4-5). On August 8, 2002, Vickerman signed a document titled "Bill Vickerman and Plantation Botanicals, Inc. Oregano Partnership" which stated that Vickerman and plaintiff had formed an agreement for purchasing and selling oregano on July 24, 2002, by opening a bank account in the name of Vickerman, Inc. in Immokalee, Florida, and that it was agreed that all sales from the association would be deposited into this bank account. (Id. at ¶6). Under the agreement, Plantation was to provide the financing for the purchase of the raw oregano (¶8); monies owed to Plantation for the financing would earn 8% interest (¶9); Plantation would wire funds directly from its bank account to a bank account designated by Vickerman (¶10); all revenue from the sale of processed oregano would be deposited into the Immokalee, Florida bank account (¶11); the partnership would repay all monies owed to Plantation from the proceeds from the sale of the processed oregano, and Vickerman would repay all moneys if there was not sufficient profits (¶12); and each would be paid equal distributions from the partnership's net profits (¶14). As of February 7, 2005, the filing date of the Amended Complaint, Plantation had loaned the partnership "in excess of $847,000.00 of

which, at least $185,203.30 in principal remains outstanding." (¶15).

The Amended Complaint also alleges that Vickerman came to Florida on three separate occasions for business purposes related to the partnership agreement. (¶20). Additionally, Vickerman had additional contacts with Florida (although he apparently was not then in Florida) in connection with the initiation, negotiation, and operation of the partnership operations. (¶¶16-19, 21).

Plaintiff's Amended Complaint contains two counts: Count I alleges breach of the partnership agreement, and Count II alleges "an action in equity for an accounting and supplemental relief." Vickerman moves to dismiss all claims against him for lack of personal jurisdiction and for failure to state a claim upon which relief may be granted. Specifically, Vickerman asserts that Plantation does not set forth facts sufficient to fall within Florida's Long Arm Statute or show that his contacts with Florida were substantial and not isolated activities. (Doc. #30, pp. 7-8). Vickerman also submitted an affidavit in which he asserts that he signed the partnership agreement and corporate resolution in his capacity as president of Vickerman, Inc. only.

### III.

Plaintiff asserts that the Court has specific jurisdiction over the defendant pursuant to the Florida long-arm statute because Vickerman operated, conducted, engaged in, or carried on a business

or business venture in Florida.  Fla. Stat. § 48.193(1)(a). Accepting the allegations of the Amended Complaint as true, plaintiff has clearly stated a prima facie case of jurisdiction. The Amended Complaint alleges that Vickerman entered into an oral and written partnership agreement, opened a Florida bank account, received money and disbursed proceeds from the business through the bank account, and was personally present in Florida on at least three occasions in connection with the operations of the partnership business.

Vickerman's affidavit partially disputes plaintiff's allegations.  Although Vickerman concedes he was in Florida on three occasions for various business purposes regarding the partnership agreement, he asserts that the partnership agreement was between plaintiff and Vickerman, Inc., and that all three trips were in his capacity as president of Vickerman, Inc.  Plaintiff submitted an affidavit by its president, Michael Huffman, who stated it was his understanding that the partnership agreement was with Vickerman, not the corporation; that he received the written partnership agreement, which indicated that Vickerman was the party; that he received a Confidentiality Agreement signed by Vickerman individually as well as Vickerman, Inc.; that he personally met Vickerman in Florida in January 2002, about the partnership; that Vickerman frequently contacted plaintiff in Florida about the partnership business, which lasted from August,

2002 to July, 2004; and that Vickerman opened a bank account in Immokalee, Florida, and that all revenues from the partnership were deposited into that bank account. Under the standard summarized above, the Court concludes that plaintiff has established a sufficient prima facie showing.

Because the Court has found that the plaintiff has satisfied the Florida long-arm statute, the Court must consider whether asserting personal jurisdiction over defendant comports with due process. International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)(citing Milliken v. Meyer, 311 U.S. 457, 463 (1940). This involves a two-step process which requires the Court to decide whether the defendant has established "minimum contacts" with Florida and whether the exercise of personal jurisdiction would offend traditional notions of fair play and substantial justice. Posner, 178 F.3d at 1220; Meier, 288 F.3d at 1274, 1276.

The Eleventh Circuit follows a three-part test to decide if the minimum contacts requirement is satisfied:

> First, the contacts must be related to the plaintiff's cause of action . . . . Second, the contacts must involve some act by which the defendant purposefully avails itself of the forum. Third, the defendant's contacts with the forum must be such that the defendant should reasonably anticipate being haled into court there.

Posner, 178 F.3d at 1220. The existence of a contractual relationship between a nonresident defendant and a Florida resident is not sufficient in itself to meet the requirements of due process. Jet Charter Serv. v. W. Koeck, 907 F.2d 1110, 1113 (11th

Cir. 1990)(citing Burger King v. Rudzewicz, 471 U.S. 462 (1985)). The Court concludes that plaintiff has satisfied all three requirements for minimum contact in his Amended Complaint.

Finally, the Court determines whether the assertion of personal jurisdiction would comport with fair play and substantial justice. The Court considers defendant's contacts with Florida and other factors, including the burden on the defendant in defending the lawsuit, the form state's interest in adjudicating the dispute, the plaintiffs' interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the states in furthering fundamental substantiative social policies. Meier, 288 F.3d 1276. After considering the appropriate factors, the Court concludes that requiring defendant to litigate in the Middle District of Florida comports with fair play and substantial justice.

**IV.**

Vickerman also moves to dismiss all claims against him for failure to state a claim upon which relief may be granted. Specifically, Vickerman argues that he did not sign the partnership agreement in his individual capacity, and therefore it is not binding against him personally, precluding an action against him for breach of that contract. (Doc. #30, p. 11). Vickerman goes on to argue that "nowhere in the four corners of the exhibits is there

an agreement signed by Vickerman in his individual capacity." (Doc. #30, p.11).

As is required in a motion to dismiss, the Court limits its consideration to the Amended Complaint and the partnership agreement attached to the Amended Complaint. The Amended Complaint alleges that "Vickerman" and plaintiff entered into an oral partnership agreement and a written document entitled "Bill Vickerman and Plantation Botanicals, Inc. Oregano Partnership." The Court finds that, accepting all factual allegations in the Amended Complaint as true and taking them in the light most favorable to plaintiff, the facts alleged satisfy the notice pleading requirements of Fed. R. Civ. P. 8 summarized above as to defendant in his individual capacity.

Accordingly, it is now

**ORDERED**:

Defendant William Vickerman's Motion to Dismiss Amended Complaint for Lack of Personal Jurisdiction and for Failure to State a Cause of Action (Doc. #30) is **DENIED**. Defendant shall file an Answer to the Amended Complaint within **TEN (10) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __2nd__ day of June, 2005.

JOHN E. STEELE
United States District Judge