```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

PLANTATION BOTANICALS INC., a
Florida Corporation,

                Plaintiff,

vs.                                  Case No.  2:04-cv-479-FtM-29DNF

WILLIAM VICKERMAN, individually,

                Defendant.
_____

## OPINION AND ORDER

     This matter comes before the Court on plaintiff's Motion to Strike Defendant's Affirmative Defenses or for a More Definite Statement (Doc. #36), filed on June 23, 2005.  Defendant William Vickerman filed a Response (Doc. #37) on July 5, 2005.

     Plaintiff seeks to strike defendant's First, Second, and Third Affirmative Defenses (Doc. #35), or in the alternative, to seek a more definite statement.  The three Affirmative Defenses are as follows, in pertinent part:

> Plaintiff is barred from recovering on this claim by virtue of a failure of consideration.  Vickerman, in his individual capacity, did not receive any consideration in return for the alleged partnership agreement, and therefore, Plaintiff's claims must fail.
>
> Vickerman, Inc. leased to Plaintiff equipment so that Plaintiff could perform any of its responsibilities under the partnership agreement, equipment for which the Plaintiff failed to pay.
>
> Vickerman states that any recovery for the Plaintiff should be set-off by the amounts owed from Plaintiff under the applicable equipment leases between Vickerman,

>Inc. and the Plaintiff, equipment for which the Plaintiff
>failed to pay.

(Doc. #35, pp. 6-7).  Plaintiff argues that:  (1) no consideration is required for the formation of a partnership and therefore the First Affirmative Defense should be stricken or defendant should be required to explain the relevance of lack of consideration; (2) defendant has failed to allege the principles or elements for a defense of unclean hands; and (3) defendant has failed to allege the principles or elements for a defense of set off for the "alleged equipment lease."

Under Fed. R. Civ. P. 12(f), "the Court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Motions to strike are disfavored, and will be denied unless the allegations have no possible relation to the controversy, may confuse the issues, or may cause prejudice to one of the parties.  <u>Reyher v. Trans World Airlines, Inc.</u>, 881 F. Supp. 574, 576 (M.D. Fla. 1995).  The Court finds that plaintiff has failed to satisfy this standard, and that the affirmative defenses are sufficiently plead.

Accordingly, it is now

**ORDERED**:

Plaintiff's Motion to Strike Defendant's Affirmative Defenses or for a More Definite Statement (Doc. #36) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   29th   day of July, 2005.

_____
JOHN E. STEELE
United States District Judge